Eric W. Schmidt, Bar No. 022682
**THE SCHMIDT LAW GROUP**
10869 N. Scottsdale Road, Suite 103-155
Scottsdale, Arizona 85254
Telephone: (602) 282-0047
Facsimile: (602) 610-4039
slgarizona@gmail.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Dora Uriarte,<br><br>      Plaintiff,<br><br>      vs.<br><br>Costco Wholesale Corporation,<br><br>      Defendant. | Case No.  2:23-cv-01465-CDB<br><br>**JOINT CASE MANAGEMENT REPORT** |

Plaintiff Dora Uriarte ("Plaintiff") and Defendant Costco Wholesale Corporation ("Costco"), by and through their respective counsel, hereby submit the instant Joint Case Management Report in accordance with the Court's August 10, 2023 Order setting the Rule 16 Scheduling Conference (Doc. 9).

**A.**   **Nature of Case**

**Plaintiff:** On September 20, 2020, Plaintiff Dora Uriarte was an invitee at Defendant Costco's retail warehouse, when she slipped and fell due to a liquid/food substance on the floor, causing bodily injuries.

Plaintiff has incurred $21,077.09 in medical expenses related to bodily injuries caused by the incident. Plaintiff experienced chronic pain and soreness which impaired her activities of daily living, and continues to have residual periodic pain and soreness claiming $54,713.00 in future medical treatment.

**Costco:**  Costco disputes liability, as well as the nature and extent of Plaintiff's alleged

1  damages.

2  **B.**     <u>**Factual and Legal Disputes Genuinely in Dispute**</u>

3         <u>**Plaintiff:**</u>

4         a.   Whether Defendant owed Plaintiff the duty to exercise ordinary care in its

5  ownership, possession, control, maintenance and use of the premises to reduce or eliminate

6  risks of harm created by unreasonably dangerous conditions.

7         b.   Whether Defendant had notice of the unreasonably dangerous condition

8  prior to Plaintiff slipping and falling by creating the unreasonably dangerous condition.

9         c.   Whether Defendant had notice of the unreasonably dangerous condition

10  prior to Plaintiff slipping and falling when Defendant's employees knew a liquid substance

11  and food had accumulated on the floor.

12        d.   Whether Defendant had constructive notice of the unreasonably dangerous

13  condition prior to Plaintiff slipping and falling when Defendant's employees in the exercise

14  of reasonable care should have known that the liquid substance and food was accumulating

15  on the floor.

16        e.   Whether Defendant breached the duty and obligation to keep the warehouse

17  premises reasonably safe for Plaintiff by failing to maintain the standard of care as defined

18  by Defendant's operating policies and procedures to prevent slip and fall incidents from

19  occurring.

20        f.     Whether Defendant's mode of operation increased the likelihood that liquid

21  substances and food would accumulate on the floor in areas open to customers/invitees in the

22  warehouse, was a breach of the duty to keep the premises reasonably safe for Plaintiff.

23        g.     Whether as a proximate result of Defendant's negligence, and vicarious

24  liability for its employees' negligent conduct as set forth herein, Plaintiff slipped and fell

25  while a business invitee in the warehouse/retail store, which proximately caused Plaintiff to

26  suffer injuries and damages.

27        h.     Whether Plaintiff can recover money damages for reimbursement of her past

28

2

1   and future medical expenses, and past and future general damages for her pain, suffering, loss
2   of enjoyment of life, and impairment to her activities of daily living.

3   **Defendant:**

4   a.  Whether Plaintiff can establish that Costco breached any duty owed to Plaintiff.

5   b.  Whether Plaintiff can establish the existence of a dangerous condition resulting
6   from any act or omission on the part of Costco.

7   c.  Whether Plaintiff can establish that Costco had actual or constructive notice of a
8   dangerous condition.

9   d.  Whether Plaintiff bears any contributory/comparative fault for the Incident and all
10  damages allegedly arising therefrom.

11  e.  Whether Plaintiff can establish that her alleged injuries and other claimed damages
12  resulted from the condition of which she complains.

13  f.  Whether Plaintiff's medical treatment was reasonable and necessary.

14  g.  Whether Plaintiff can establish her claimed special and general damages.

15  **C.    Jurisdiction**

16  Plaintiff filed this action in the Superior Court of the State of Arizona.  Defendant
17  removed the action on the basis of diversity of citizenship as well as the amount in
18  controversy exceeding $75,000.00 under 28 U.S.C. §§ 1332, 1441 and 1446.  The Court
19  determines diversity jurisdiction at the time of removal.  As of the date this matter was
20  removed, Plaintiff was a resident of Arizona and Costco was a citizen of Washington.

21  Venue in the District of Arizona is proper pursuant to 28 U.S.C. § 1391 because Costco
22  regularly transacts business within this District, is otherwise subject to personal jurisdiction
23  in this District, and a substantial part of the events giving rise to the claims occurred in this
24  District and Division.

25  **D.    Service of Parties**

26  All parties have been served.

27  **E.    Dispositive Issues**

28  None at this time.

3

**F.    Status of Related Cases**

There are no related cases pending before other courts or other judges of this Court.

**G.    Initial Disclosures**

The parties previously exchanged Initial Rule 26.1 Disclosure Statements while the matter was in Superior Court.  The parties will exchange Initial Disclosures that comply with Rule 26(a), *Federal Rules of Civil Procedure*, no later than September 22, 2023.

**H.    Proposed Deadlines**

1.  Deadline for amending the pleadings: **September 22, 2023**

2.  Expert Discovery

a.  Plaintiff's disclosure of expert testimony: **October 27, 2023**

b.  Defendant's disclosure of expert testimony: **December 22, 2023**

c.  Rebuttal expert testimony: **January 26, 2024**

d.  Completion of expert depositions: **March 22, 2024**

3.  Deadline for written discovery and fact witness depositions: **December 22, 2023**

4.  Deadline to disclose ESI: **December 22, 2023**

5.  Deadline to file dispositive motions: **April 19, 2024**

6.  Deadline to conduct good faith settlement negotiations:  **January 26, 2024**

**I.    Estimated Trial Length**

The parties anticipate a four (4) day trial.

**J.    Jury Trial**

Plaintiff has requested a jury trial.  Costco does not contest.

**K.    Prospects for Settlement**

The will parties have already begun and will continue to consider and discuss the prospect for settlement.  While the parties believe that this is a case that can and should be settled informally, the parties may need to request the assistance of a Magistrate Judge in facilitating a settlement conference at the end of fact discovery.

4

**L.**   **Unusual, Difficult, or Complex Problems**

None at this time.

**M.**   **Other Matters**

None at this time.

**DATED** this 29th day of August, 2023.

THE SCHMIDT LAW GROUP, P.C.


By:   /s/ Eric W. Schmidt_____
      ERIC W. SCHMIDT
      Attorneys for Plaintiff



BREMER WHYTE BROWN & O'MEARA LLP


By:   /s/ Eric W. Schmidt (w/permission)___
      JOHN J. BELANGER
      RYAN S. LEIBEL
      Attorneys for Defendant
      Costco Wholesale Corporation

5

1

## CERTIFICATE OF SERVICE

2

3   I hereby certify that on August 29, 2023, I electronically transmitted the attached document
    to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of
4   Electronic Filing to the following CM/ECF Registrants, as well as e-mailed a copy as follows:

5   John J. Belanger, Esq.
    jbelanger@bremerwhyte.com
6   Ryan S. Leibel, Esq.
    rleibel@bremerwhyte.com
7   **BREMER WHYTE BROWN & O'MEARA LLP**
    8950 South 52nd Street, Suite 201
8   Tempe, AZ 85284
    Telephone:   (602) 274-1204
9   Facsimile:    (602) 274-1205

10  Attorneys for Defendant,
    Costco Wholesale Corporation

11

12  By: */s/ Sofia Di'Medici*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6